

**United States District Court**
**Northern District of Indiana**
**South Bend Division**

12 APR 11 PM 3:47

Donald Terry Oberloh

    Plaintiff.

       v.

City of Mishawaka, Indiana
Cory Hamel, Dave Wood in
their past or present official
capacities.
City Hall
600 East Third Street
Mishawaka, Indiana

    Defendants(s)

Civil Action No.

3:12CV 174

Pro Se

## COMPLAINT

COMES NOW the plaintiff, Donald Terry Oberloh, appearing Pro se, and for a compliant against the defendant(s) above named, states, alleges, and avers as follows:

## JURISDICTION

1. This Court has the subject matter jurisdiction under 28 U.S.C. sections 1331 and 1343.

2. This action is commenced pursuant to 2201 and 2202 and 42 U.S.C. section 1983.

## GENERAL ALLEGATIONS

3. The plaintiff, Donald Terry Oberloh is a citizen of the State of Indiana, United States of America.

4. Defendants, The City of Mishawaka, Dave Wood, and Cory Hamel have been an incorporated city, Mayor and City Attorney, respectively, and at all times served in an official capacity until Cory Hamel ceased to be the City Attorney on or about March of 2012. Address of City Hall – 600 East Third Street, Mishawaka, Indiana, and additional properties, real and improved within city limits owned by the City of Mishawaka full or in part.

5. Defendants have repeatedly been made aware of the existing architectural barriers, within the wording of the Americans with Disabilities Act, that preclude the Plaintiff, Donald Terry Oberloh, from accessing the cities facilities and programs and that they knowingly continue(d) a blatant disregard for the law, and intentionally continue a pattern of civil rights discrimination violations against the Plaintiff, Donald Terry Oberloh.

6. Plaintiff is an individual with disabilities that cause mobility impairments as defined by the Americans with Disabilities Act of 1990. Donald T. Oberloh uses a manual wheelchair, cane(s), a walker, and or crutches. or knee braces as necessary for mobility. The Plaintiff wants to traverse city streets, common areas, access the Battle center, the public library, local fire and police departments, various city parks and facilities, privately owned business' that lease city buildings within the city limits, and to avail himself of the services of his elected city officials, city departments and programs, attend town hall and city council meetings that the general public is invited to and vote in local, State, and National Electoral process in an ADA compliant polling place, numerous architectural barriers exist which render the above mentions facilities and programs inaccessible to persons with mobility accessibility issues. These rights under the law have been denied the Plaintiff, Donald T. Oberloh, on a regular basis each and everyday since the Plaintiff moved to the city of Mishawaka, January 1st, 2005.

7. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. section 12101, et, seq., establishing the most important civil rights law for persons with disabilities in our country's history.

8. The Congressional statutory findings include:

   a) "some 43,000,000 Americans have one or more physical or mental disabilities…;"

   b) "historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem."

   c) "discrimination against individuals with disabilities ties persist in such critical areas as …local city government facilities, municipalities and the services and programs."

   d) "individuals with disabilities continually encounter various forms of discrimination, including… the discriminatory effects of architectural…."

   e) "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity…to pursue

those opportunities those opportunities for which our free society is justifiably famous…" 42 U.S.C. Section(s) 12101 and 12131.

9. Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

   a) "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities.

   b) "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. and

   c) "to invoke the sweep of Congressional authority… to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities." 42 U.S.C. 12131

   d) Congress gave cities and municipalities eighteen months to implement the act, or come up with a D.O.J. approved transition plan. The effective date was January 26, 1992. The City of Mishawaka has finally, 20 years later, designed an ADA Transition plan that is insufficient, in spirit and letter, and is not in keeping with the letter and spirit of the Americans with Disabilities Act of 1990, not in keeping with the letter of the ADA Architectural Guidelines, and was designed and presented by a private agency that has been part and parcel guilty of continuing the construction of City facilities that are not fully complaint with the ADA.

10. Nevertheless, The City of Mishawaka, Mayor Dave Wood and former City Attorney Cory Hamel have not eliminated the multiple architectural barriers that existed and continue to exist, including but not limited to, lack of ADA complaint Parking, lack of ISA signage, lack of ISA notification at common doors, sidewalks that are too steep and too crowned eliminating the possibility for some disabled individuals such as the Plaintiff Donald Terry Oberloh, to 'walk' around his own block and the city of Mishawaka. The lack of wheelchair spaces at places of public seating, flooring friction coefficients that are not in keeping with the ADA, no compliant bathroom faculties, drinking faucets, are also included. The violations that have directly discriminated against the Plaintiff Donald T. Oberloh in the last two years include over 1000 violations throughout the City of Mishawaka that directly affect, or have affected the Plaintiff Donald T. Oberloh on a daily basis, sometimes as many as 20 separate violations have had to be navigated each day, at a high degree of potential personal injury by the Plaintiff, Donald T. Oberloh. A detailed itemized list of these violations to be provided at time of discovery in their entirety as to not present an undue burden to the Court at the time of this filing. Intentional retaliation has also taken place on the part of Mayor Wood's office personal, an associate planner, and Cory Hamel against the Plaintiff Donald T. Oberloh.

11. One of the most important parts of the Americans with Disabilities Act of 1990 is Title II, known as 28 CFR Part 35 – Nondiscrimination on the Basis of Disability in State and Local Government Services. Effective Date January 26th 1992.

12. Congress included, as written by the U.S. Department of Justice's Summary of 28 CFR Part 35. "This rule implements subtitle A of title II of the Americans with Disabilities Act. Pub L. 101-336, which prohibits discrimination on the basis of disability by public entities, Subtitle A protects qualified individuals with disabilities from discrimination on the basis od disability in the services, programs, or activities of all State and local governments..."

13. Congress included 'local governments' to be covered by 28 U.S.C. part 35.

14. The City of Mishawaka is just such a local government.

15. Other State and local governments have made similar modifications to comply with Title II of the Americans with Disabilities Act. The Defendant(s) could have easily made their facilities compliant within the last twenty years, and given the amount of money spent on non-compliant alterations since 1992, the city has no grounds to continue it's intentional discrimination against the Plaintiff Donald Terry Oberloh. Such intentions were made in writing by former City Attorney Cory Hamel, and shall be provided during the discovery process.

16. Retaliatory actions have knowingly been taken towards the Plaintiff Donald Terry Oberloh, for bringing to light, and to the attention of city officials and the common council of the City of Mishawaka, by the City and its staff, including but not limited to being denied access to the services of City hall and the Departments therein, threats of punitive action, in writing, and knowingly and purposefully with intent, installed new sidewalks in front of Plaintiff's place of residence that are grossly to step to comply with the ADA, have a side angle to steep and have no curb as required, all of which prohibit the Plaintiff, Donald Terry Oberloh the ability to utilize the sidewalk in front of his home. These were installed after the plaintiff brought the discrepancy and possible ADA violations to the attention of the City Engineer, and the city subcontractors, DLZ and Reith-Reilly during the grading stage and again after the form boards were set in place prior to the pouring of the concrete.

17. As relevant to the present action, discrimination includes " a failure to address and remove or make the necessary alterations to, or remove architectural barriers where readily achievable.

18. Defendant(s) have and have had, the funds, the ability, and the responsibility to make corrections to all Architectural Barriers within City limits since 1992 and have continually and knowingly engaged in a blatant pattern of civil rights discrimination violations against the Plaintiff, Donald Terry Oberloh, and more than likely against

each and every disabled person who wishes to make use of the city's facilities and services, by ignoring their legal obligations to discontinue the civil rights violations.

19. Plaintiff Donald Terry Oberloh wishes to be able to safely, and without undue hardship, potential of injury, duress, humiliation, and hostility avail himself of the services and programs of the City of Mishawaka.

## FIRST CLAIM OF RELIEF

20. Pursuant to the Americans with Disabilities Act, 42 U.S.C. and the federal regulations promulgated pursuant to this Act, The City of Mishawaka was to all city facilities and programs accessible by January 26, 1992. To date, defendant has not.

21. By failing to remove the architectural barriers that exist within the city limits in the last 20 years, defendant(s) intentionally continue a pattern of blatant discrimination against the Plaintiff Donald Terry Oberloh.

WHEREFORE, the Plaintiff, Donald Terry Oberloh, pray that the Court issue an injunction enjoining the defendant(s) from continuing its intentional discrimination and that the court award the Plaintiff such additional or alternate relief as may be just proper and equitable, including, but no limited to costs, legal fees should an Attorney represent the Plaintiff in the future, and appropriate compensatory and punitive damages as allowed by law.

Respectfully submitted,

Donald Terry Oberloh
815 N. Main Street.
Mishawaka, Indiana
46545
PRO SE

Dated: 11 APRIL 2012