IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| Donald Terry Oberloh | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | CASE No. 3:12-CV-174 |
| V. | ) | |
| | ) | |
| City of Mishawaka, Indiana, | ) | |
| Dave Wood, Mayor in his official | ) | |
| and Gary West, City Planner | ) | |
| in his official capacity | ) | |
| | ) | |
| | ) | |
| Defendants(s) | ) | Pro Se |

## PLAINTIFF'S RESPONSE TO DEFENDENTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT

Plaintiff Donald Terry Oberloh hereby opposes the motion made by Defendant's Attorney(s), Barnes & Thornburg LLP requesting an extension of an additional 21 days to respond to Plaintiff's amended complaint of April 23, 2012. In support of this opposition Plaintiff states:

1. On April 24, 2012, Plaintiff served Defendants with a copy of an amended compliant and summons. Under Fed. R.CIV.P. 12, Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: A defendant must serve an answer within 21 days after being served with the summons and complaint. This would require a response by the Defendants by May 15, 2012

2.  If, according to the Defendant's Motion, the Defendants chose not to retain the services of outside council until May 1, 2012, that was an option that the Defendants chose of their own accord. The Defendants have been aware for the past eleven months that the Plaintiff has been bringing the City's ADA violations to their attention on a daily and sometimes weekly basis and that the former city attorney, Corey Hamel, had time and again insisted that the Plaintiff would have to sue the City of Mishawaka, before they would make any corrections. The Defendants were also served in a manner prescribed by proper procedure.

3.  Plaintiff has no recollection of an expressed or implied agreement with the Defendant's Attorney's request for an extension on May 1, 2012 or at any other time. Plaintiff did state that he would consider it if he received a formal request in writing or by e-mail. Plaintiff also explained to Attorney Janilyn Brouwer Daub, of Barnes & Thornburg LLP that each and every day that the ADA violations continue keeps the Plaintiff from accessing his elected officials, and the City of Mishawaka's programs and services, and that each and that each and everyday a delay continues the blatant and intentional discrimination alleged in the amended complaint, as well as continuing the retaliatory actions taken by the City in response to the Plaintiff demanding that the city obey the Americans with Disabilities Act. Further more the Plaintiff stated to the above mentioned attorney that as these architectural barriers have in the past denied the Plaintiff his right to vote in the recent Mayoral elections and should they not be corrected post hast will, in fact, deny the Plaintiff his right to vote in the upcoming General Elections.

4.      On the morning of May 2, 2012 the Plaintiff did, as asserted by the Defendant's attorney, sent the e-mail marked 'exhibit B' in response to the Defendant's attorney's e-mail marked 'exhibit A' asserting that the Plaintiff had "no objection to granting a 30-day extension" in which the Plaintiff refuted in bold type, **"In Lieu of the abusive nature of these continuing acts of retaliation by the City and our Mayor I am formally opposed to, and am objecting to, any continuance to the time required for the City to respond to my complaint."**

5.      The Defendant(s) voluntarily delayed their response by seven days even when their own in-house City Attorney could have filed a response as early as the April 24, 2012.

6.      Were the court to allow the delay by the City of Mishawaka in retaining outside counsel, starting the 21day time clock on the day Barnes and Thornburg were retained would require a response by May 22, 2012, not June 5, 2012 as requested by the Defendant's attorney.

7.      The alleged violations outlined in the amended complaint are neither complicated, nor complex and have also been outlined in the City's own ADA Transition Plan now on file in the City Planner's office. The City has retained DLZ engineering and architects , a private company, to compile a survey of each and every ADA violation and these violations are written in laypersons terms and can be outlined and explained to their counsel in less than 1 hour.

3

8.  For ease of understanding, in the amended complaint the Plaintiff has spelled out the sampling of violations in layperson's terms, and has included the corresponding section number in the law for easy identification within the Americans with Disabilities Act Architectural Guidelines. and the Architectural barriers Act (ADAAG & ABA respectively).

9.  When the ADA was initially signed into law in 1990, the City of Mishawaka was initially given 18 months to either correct their ADA violations that existed prior to the implementation of the Americans with Disabilities act or prove to the courts and the United Sates department of Justice, why they were unable to. That deadline passed on January 1, 1992. The City of Mishawaka has had over twenty years to correct the ADA violations in City Hall and throughout the city of Mishawaka. Everyday, seven days a week, the Plaintiff must endure the anxiety, humiliation, frustration, stress, emotion duress, and threat of physical injury that accompanies having to navigate his way through hundreds of Architectural Barriers in the city of Mishawaka that as outlined in the Americans with Disabilities Act violate the Plaintiff's civil rights against discrimination based upon being disabled.

10. Each and every delay constitutes another set of Civil Rights Discrimination violations as outlined by the Americans with Disabilities Act of 1990, and 504 of the Rehabilitation Act of 1973.

THEREFORE, The Plaintiff respectfully asks the court to require the Defendant(s) to follow the original 21 day time frame for a response as outlined in Fed. R.CIV.P. 12

Respectfully submitted,

*[signature]*

Donald Terry Oberloh
815 N. Main Street.
Mishawaka, Indiana
46545
PRO SE

Dated: 5 May 2012

c. Barnes and Thornburg LLP
   Janilyn Brouwer Daub (15993)
   Eric R. Thompson (28805-71)
   600 Ist Source Bank Center
   100 North Michigan Street
   South Bend Indiana. 46601-1632

A copy of this response was forward to the Defendant's attorney(s) by certified mail via the U.S. Postal Service on May 3th, 2012.

*[signature]* 7 MAY 2012