UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD TERRY OBERLOH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CASE NO. 3:12-CV-174 |
| ) | |
| CITY OF MISHAWAKA, INDIANA, ) | |
| DAVE WOOD, MAYOR in his official capacity, ) | |
| and GARY WEST, CITY PLANNER in his official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO HAVE PLAINTIFF HELD IN CONTEMPT OF COURT**

On May 13, 2013, the Court ordered Plaintiff Donald Terry Oberloh ("Mr. Oberloh") to produce by May 28, 2013 an unredacted version of the letter he wrote to the U.S. Department of Justice (the "DOJ Letter"). Mr. Oberloh has failed to produce an unredacted version of the same letter he submitted to the U.S. Department of Justice, and should therefore be held in contempt of Court. In support of this motion, Defendants state:

1. On May 30, 2013, two days after the DOJ letter was due, Defendants received in the mail a different letter to the U.S. Department of Justice instead of the DOJ Letter. A copy of this second letter (the "Second Letter") is attached hereto as **Ex. A**.[1] A copy of the previously produced and redacted DOJ Letter is attached hereto as **Ex. B**.

2. The Second Letter differs materially from the DOJ Letter. For example, in the Second Letter, Mr. Oberloh states: ""The anxiety, fueled by our city's attitudinal discrimination, is that if they spend 30 years remediating the last 22 years of ADAAG architectural barriers, when will they address the barriers that each new project creates." **Ex. A** at 2-3. This statement

---
[1] The Second Letter was postmarked May 28, 2013.

*does not appear* in the DOJ Letter the Court ordered Mr. Oberloh to produce.  Similarly, Mr. Oberloh states in the Second Letter: "Additional non-compliant facilities in Mishawaka, Indiana, include the utilities company building, the U.S. Postal service property, the entire downtown business district, the community pool, each and every community park."  **Ex. A** at 3.  Once again, this statement *does not appear* in the DOJ Letter.  In another place, Mr. Oberloh substitutes "neighborhood association" for "my neighbors," lending his statement an authority it otherwise would not have.  *Compare* **Ex. A** at 3 *with* **Ex. B** at 3.  Additionally, in another place, Mr. Oberloh appears to have deleted part of a sentence from the DOJ Letter that previously was redacted in the DOJ Letter.  *Compare* **Ex. A** at 4 (last line of first paragraph, "the city") *with* **Ex. B** at 4.

      3.      Moreover, the Second Letter is in a different font size, with different pagination, and in certain sections different paragraph alignment.  This makes it impossible to determine whether the previously redacted material in the DOJ Letter has been altered in the Second Letter.  Given the changes noted above, such alterations are likely.

      4.      Defendants would prefer to resolve this issue without recourse to the Court, but Mr. Oberloh's aggressive posture in their recent interactions renders such a dialogue fruitless.  For example, as noted above, on May 28, 2013, counsel for Defendants had not yet received the DOJ Letter as ordered by the Court.  Counsel for Defendants therefore left Mr. Oberloh a phone message that same day and emailed him the next day, both times requesting that he comply with the Court's Order.  A copy of the email is attached hereto as **Ex. C**.  Mr. Oberloh responded to these messages with vitriol, mockery, and a promise: "I really do not care how many sanctions you convince the court your [sic] entitled to, you will not dissuade me from following this case as far up the tree as need be."  **Ex. D**.

5. In the recent past Mr. Oberloh has shown blatant disregard for the discovery process, repeatedly missing production deadlines and even admitting to providing "tongue and cheek" answers to interrogatory answers. Now, when the Court has ordered him to produce a specific document, he has demonstrably altered that document before producing it. His disregard for the Federal Rules of Civil Procedure is unacceptable.

6. In the Seventh Circuit, *pro se* parties cannot evade court orders by claiming ignorance: "it is well established that pro se litigants are not excused from compliance with procedural rules." *Pearl Vision Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *see also Boyd-Radford v. Padilla*, No. 2:10-CV-369-TLS, 2011 WL 710452, at *1 (N.D. Ind. Feb. 22, 2011) (dismissing ADA claim when plaintiff failed to comply with proper procedure and stating: "the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure") (internal citation omitted). Under this standard, Mr. Oberloh's failure to comply with a clear Order is sanctionable.

THEREFORE, Defendants ask the Court to hold Mr. Oberloh in contempt of Court and to sanction him accordingly, up to and including dismissal of his claims.

Respectfully Submitted,

BARNES & THORNBURG LLP


By  /s/ Eric R. Thomason
   Janilyn Brouwer Daub (15993-71)
   Eric R. Thomason (28805-71)
600 1st Source Bank Center
100 North Michigan Street
South Bend, IN  46601-1632
Telephone:  (574) 233-1171

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participant:

Donald Terry Oberloh, *Pro Se*
815 N. Main Street
Mishawaka, IN  46545

BARNES & THORNBURG LLP


By  /s/ Eric R. Thomason

SBDS01 382351v1