IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Donald Terry Oberloh )
)
)
Plaintiff. )
) Civil Action No. 3:12-CV-174
V. )
)
City of Mishawaka, Indiana, Et al. )
)
Defendants(s) ) Pro Se

**PLAINTIFF'S REQUEST FOR THREE JUDGE PANEL INQUIRY INTO ANY AND ALL ALLEGED, ERRORS, OMISSIONS, AND OVERSIGHTS BY THE COURT DURING THE DISCOVERY PERIOD OF THIS CASE AS PART OF THE PLAINTIFF'S RESPONSE TO THE COURT'S INQUIREY AS TO WHY THIS CASE SHOULD NOT BE DISMISSED**

The Pro se' Plaintiff Donald Terry Oberloh asserts that his lack of formal legal education and limited understanding of the procedure and protocol not withstanding, under the penalty of perjury, the following claims, assertions and representations are true and on point to this case. That as an American citizen, the Plaintiff, whether indigent or not, disabled or not, has the Constitutional right to fair, balanced and unbiased access to the services of the Federal District Courts under the 5th and 14th Amendments to our Constitution. The Plaintiff posits that his right to due process has not been afforded him by this court in instant case, as itemized below.

1. The Plaintiff Donald Terry Oberloh respectfully requests the 3-Judge panel review the court records, and testimony, submissions by both parties after 31 January 2013. The plaintiff is confident that the panel will locate the submissions, i.e. the amended answers to the Defense counsel's interrogatories, and the multiple generations of amended interrogatories the plaintiff had provided the defense as well as the court within the time limit set by the court on 14 January 2013. It is specifically this oversight of the court that directly led to the court sanctioning the Plaintiff for failing to amend the original answers and interrogatories in a manner more easily understood by the defense counsel. **See Exhibit A.** The Pro se' Plaintiff, Donald Terry Oberloh hereby states the fact that the amended interrogatories as well as the Plaintiff's amended answers to the defense counsels interrogatories, were in fact, in the Court's possession as per the court's order of

1

January 14${}^{th}$ 2013 will become evident to the Court. As such facts prove to be true and relevant, the Plaintiff respectfully requests that the Court set aside the order for monetary sanctions and the possibility of dismissal on the grounds that the indigent plaintiff has not paid a monetary sanction to the defendant.

2. The Plaintiff also respectfully request the 3-Judge Panel examine the response by the defendants to the Plaintiffs amended complaint, which is on file with the court. **See exhibit B**[1] The Plaintiff asks whether or not is applicable for the Court to dismiss this case with prejudice even though the defendants have admitted to two of the initial 33 elements of the complaint.

3. The Plaintiff presents a copy of interrogatories served to Defendant(s) Dave Woods ad Gary West after the court instructed Plaintiff to amend his interrogatories, attesting to the fact that the Plaintiff did in fact make every reasonable attempt and succeeded following the Courts orders. The same orders that are the basis for the sanctions and possible dismissal. **See Exhibits D and E**

4. The Plaintiff respectfully request that the interest of justice, 3- Judge panel review the court records and submissions by both the Plaintiff and the defense counsel, as well as the court records of the hearings and in finding a pattern of oversight and improper ruling by the Court based upon such oversights, evaluate the most expedient method for both parties to receive fair and equal treatment in the continuation of this most important precedent setting case, sans previous oversights and "mistruths" on record. At the very least should the 3-Judge Panel feel that this is too complicated at this time to untangle, the Plaintiff proposes the least fair method to find justice for both parties would be that any dismissal include "without prejudice" so that in the interest of Justice, the Plaintiff is allowed to re-file at such time as he acquires an attorney in the future.

5. The Plaintiff states that the Judges will also find a pattern of fraud, and mistruths perpetuated on the court and the Plaintiff, Donald Terry Oberloh by the defense counsel's attorneys Eric Thomason and Theresa Jakuboski, both of the law firm of Barnes ad Thornburg. The Plaintiff holds that by any reasonable standard, it stands to reason that any unconscious bias by the court is directly attributed to the unethical tactics by the defense attorneys. Specific evidence has been provided the court in the past, which was summarily dismissed without the opportunity to be heard, afforded the Plaintiff. In the interest of clarification, and staying on point to the question of the legality of the sanction that supports the dismissal, the Plaintiff is not including over 200 pages or evidence attesting to the alleged mishandling of the case by Defense counsel, at this time. Such evidence and complaints to the Courts and Bar Associations to be forthcoming. Under the heading of History, below, are examples of Court inadvertently denying the Pro se Plaintiff, Donald Terry Oberloh his constitutional rights to procedural due process under the 5${}^{th}$ and14${}^{th}$ AMENDMENTs TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA, FEDERAL RULES OF CIVIL PROCEDURE, the LOCAL RULES of the UNITED STATES DISTRICT COURT for the NORTHERN DISTRICT OF

---

[1] The Plaintiff apologizes for not including a copy of it, as he is unable to locate hos copy at this time.

2

INDIANA, and the civil rights guaranteed the Pro se' Plaintiff, Donald Terry Oberloh, as a person with disabilities, under the AMERICANS WITH DISABILITIES ACT of 1990; These examples are all in the court records and submissions in the court's possession:

**History** up to the court issuing a sanction and attorney legal fees on which this dismissal hinges.

A review of the Court Record will prove to be unambiguously true. This same record was denied access to the Plaintiff as was a viewing or copy of the Plaintiff's statement at the deposition.

1. As of 14 January 2013, Judge Nuechterlein explained to the Plaintiff, that this court played "the game" with "their cards on the table," and ordered him to answer all interrogatories, as well as re-write his own interrogatories to the defendants in a shorter, more concise and intelligible manner,[2] yet at a later date the court ruled that the Defendants did not have to answer the Plaintiff's interrogatories, which the Court based their decision on fraudulent misrepresentations that defense counsel Eric Thomason of Barnes and Thornburg, made ex-parte to the court.[3] This is direct violation of every standard that out Judicial System stands for. The court records will show that at the last evidentiary hearing afforded the Plaintiff, the Court stated that it did not have a copy of the Plaintiff interrogatories in hand. The Defense Counsel, Eric Thomason, without request of the court, approached the bench, ex-parte and with purposeful intent, handed the court alleged fraudulent paperwork that turned out to be the initial interrogatories from the Plaintiff to Defendants. This paperwork was in fact the same interrogatories that the Court had requested the Plaintiff amend on 14 January 2013. Without the benefit of asking the Plaintiff if this was in fact the latest and last set of amended interrogatories, the court found it necessary to admonish the Plaintiff for interrogatories that were too long. The Court failed to allow the defendant the courtesy of perusing the document, nor inquiring as to why the court was unable to peruse the two sets of amended interrogatories and answers previously submitted to the clerk of the court. Subsequently the Court found the Plaintiff had not followed the Court's January 14th order, and issued sanctions. Evidence of the above located in the court records.

2) The presented costs for the Defense counsel having to ask for sanctions was submitted at $ 9500.50. The Plaintiff was and is under the understanding that the court will review the costs for fairness, and that the court erred in it's review, or failed through and oversight to review the submitted costs as evidenced by the fact that the defendants have only spent approximately $150,000.00 total to date over a

---

[2] the exact interrogatories that the defense counsel had asserted were "nearly intelligible" became the bases for future questions posed by the Defense Counsel.

[3] by way of approaching the bench without judicial request and providing the court with the first set of due to the fraudulent assertions made by the defense counsel, on the last date the plaintiff was allowed to be heard. The Plaintiff is determined to bring to the 3-Judged Courts attention each ad every documents evidencing mistruths, misunderstandings or fraud on the part of the defense counsel but has been limited to 28 pages by the court.

3

two year period, which included multiple requests by the defense counsel for sanctions against the plaintiff, yet the Defense counsel submitted a list of costs equally roughly 1/15 of the total costs of their work to that point.

3) When the Plaintiff questioned the court about an immediate payment to the defendants when the previous court paperwork stated that the amount to be taxed to the case, the court stated that they are not aware of such a letter. **See exhibit C.**

4) The following Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Indiana statutes along with multiple below listed cases speak directly to the elements and subsequent dismissal of this case, as threatened by the judge on numerous occasions without fully investigating the facts previously filed with the clerk of the court and the courts handling of the monetary sanctions and threat of dismissal to an indigent plaintiff if not having paid the $ 9,500.50.[4] by 27 September 2013

a. *The N.D. Ind. L.R. 54-1 (a) Taxation of Costs states:* **Process:** *To recover costs, a party must file and serve a completed AO Form 133 within 14 days after the final judgment is entered.*

The final judgment in favor of the defense for $ 9500.00 dollars in April of 2013 has long passed with, to date, no AO Form 133 has been served upon the Plaintiff.

b. Fed R Civ. P Rule 11 (b)(1)(2)(3) and (4).

c. Fed R Civ. P Rule 11(c)(2)(4)(5)(a)(b)(c)(6).

d. Fed R Civ. P Rule 11(d) which states *INAPPLICABILITY TO DISCOVERY. This rule does not apply to disclosures and discovery requests, responses, objections, and motions.*
    This sanction and threat of dismissal, regardless of the fact that its validity is based upon fraud by the defense counsel and oversight by the Court is based upon the proper wording of Plaintiffs interrogatories to the Defendants, which is indeed discovery. Had the court reviewed the amended interrogatories, it would have had no reason or grounds to grant the sanctions, protective order, or any other order arising out of the evidentiary proceedings on or about 8 March 2013.

1. 7th U.S. Court of Appeals for the 7th Circuit . Williams v. Adams., 2011 Judge Posner addressed the question presented by the appeal is: when is it proper to dismiss a suit because the plaintiff failed to pay sanction if the only reason for the failure is

---

[4] The original documentation of indecency has been filed with the court in December of 2010. The Court mistakenly mentioned that the Plaintiff failed to produce any evidence of future indigence, even though it had on file the evidence.

4

that he didn't have money for it? The court stated, "Inability to pay a monetary sanction imposed in a civil suit should not automatically justify the alternate sanction of dismissal.' E.g. English v. Cowell, 969 F.2d 465, 473 (7th Cir. 1992); Selletti v. Carey, 173 F.3d 104, 111 (2nd Cir. 1999); Moon v. Newsome, 863 F.2d 835. 837-38 (12th Cir. 1989). The Court also stated, "To ignore a party's inability to pay a sanction could result in a disproportionate punishment – as this case illustrates."

2. Hanes v. Kerner, 404 U.S. 519: 92s.Ct.594 states in part, " On certiorari, the United States Supreme Court reversed. In a per curium opinion, expressing the unanimous views of the court, it was held that since it did not appear beyond doubt that the inmate could prove no set of facts in support of his claim which would entitle him to relief, he was entitled to an opportunity to offer proof.
   Headnote:[1] The United States Supreme Court holds allegation of a pro se' complaint to less stringent standards than formal pleadings drafted by lawyers.

Due to the direct applicability to the question of whether or not the plaintiff failed to produce the court ordered documents, which resulted in the sanction against him for $9,500.50, , as well as whether or not sanctions of this magnitude are allowed by the courts, are addressed in the statutes and case laws listed above, as well as in the court documents and records that show proper service to the clerk of the court of the specific documents that the Court requested, but inadvertently failed to see, the Plaintiff respectfully requests that the Court set aside all sanctions and possible dismissal of this case at this time, in the interest of Justice, not only for the Plaintiff, but in the name of civil rights for disabled Americans by law, and allow this case to go forth or in the least, be re-filed at such time that the Plaintiff has the representation of an attorney in the desire for less procedural ambiguity in the future.

Respectfully,

*[signature]* 25 OCT 2013

Donald Terry Oberloh
Pro-se' Plaintiff
815 N. Main St.
Mishawaka, In.
46545

5

## Certificate of Service.

I certify that on 25 October 2013, I mailed by U.S. Postal Service the foregoing to the Defendant's attorney, Barnes and Thornburg at 100 N. Michigan Street, South Bend, In. 46601

Donald Terry Oberloh