UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DONALD TERRY OBERLOH,<br>Plaintiff | )<br>)<br>) | |
| v. | )<br>) | 3:12 CV 174 |
| CITY OF MISHAWAKA,<br>INDIANA, *et al.*,<br>Defendants. | )<br>)<br>)<br>) | |

## O R D E R

Pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), FED. R. CIV. P. 72(b) and LOCAL RULE 72-1(b), Magistrate Judge Christopher A. Nuechterlein has entered a written report (DE # 118) containing proposed findings of fact and a recommendation that this action be dismissed with prejudice as a sanction because of plaintiff Donald Terry Oberloh's misconduct. As explained by Magistrate Judge Nuechterlein, although dismissal with prejudice is a sanction of last resort:

> Through his contumacious conduct, . . . Oberloh has made a mockery of the judicial process and trivialized any claims he may have raised through this lawsuit. Therefore, for the reasons that follow and because all lesser sanctions have proven ineffectual in correcting Oberloh's misconduct, the undersigned recommends that all of Oberloh's claims be dismissed with prejudice pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 72(b)(1).

(DE # 118 at 2.) As assigned district judge, the undersigned has a responsibility to determine *de novo* any part of the recommended findings and disposition which is "properly objected to." FED. R. CIV. P. 72(b)(3). "Proper" objections are "specific written objections." FED. R. CIV. P. 72(b)(2).

Magistrate Judge Nuechterlein's report and recommendation was entered and served on January 14, 2014. Plaintiff Oberloh had 14 days after service to file any written objections. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). With the additional three days allowed for service by mail, FED. R. CIV. P. 6(d), that made the deadline for filing objections fall on Friday, January 31, 2014. Plaintiff Oberloh filed his objections a (business) day late, on February 3, 2014. Defendants have moved to strike the objections as untimely. (DE # 120). In response, combined with his reply in support of his objections (which, it should be noted, violates the page limits imposed by this court's Local Rules) Oberloh argues that his objections were timely because he received Magistrate Judge Nuechterlein's report and recommendation on January 15, 2014. That date is irrelevant, it is the date of service that matters, January 14, and plaintiff has been repeatedly warned that although he is *pro se*, he must comply with the applicable statutes and rules of procedure. Nevertheless, because no prejudice resulted from the late objections, the court will consider them for what they are worth, and the motion to strike will be denied. *See Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000).

Considered for what they are worth, the objections are not worth much. Rather than making specific objections to Magistrate Judge Nuechterlein's proposed findings, plaintiff Oberloh's filing is a rambling narrative that consists almost entirely of an attack on the integrity of the court and the personal integrity of Magistrate Judge Nuechterlein

and opposing counsel. To the extent that Oberloh does object to specific matters, the objections are not supported by citations to the record[1] and/or are legally baseless.

To provide only a few examples that are illustrative, Oberloh takes Magistrate Judge Nuechterlein to task for committing "judicial misconduct" by failing to address[2] Oberloh's demand (DE # 108) for a three-judge panel to investigate Oberloh's (baseless) allegations of fraud and misconduct in this case. (DE # 119 at 6; DE #121 at 13.) To date, however, Oberloh has not identified any legal authority supporting his request for a three-judge panel, other than stating that his request was made in accordance with Local Rule 9-2. (DE # 121 at 14.) Local Rule 9-2 references 28 U.S.C. § 2284, which provides: "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the

---

[1] Oberloh appears to blame his lack of specificity on the court, *e.g.*, "To date Judge Nuechterlein has refused to make the records [transcripts of in-court proceedings] available to the Plaintiff," (DE # 119 at 4); "Court records will show that the Judge [Nuechterlein] refused to supply the plaintiff with said records," (DE # 121 at 13); and the "court record, refused to be supplied by Judge Nuechterlein, will show . . ." and "would have shed light." (*Id*. at 17.) The court's record is a public document that can be accessed using terminals available in the Clerk's office, and any proceeding which has been transcribed could have been viewed by Oberloh by that method. In addition, as the objecting party, it is Oberloh's responsibility to arrange for transcribing any parts of the record which are necessary and not yet transcribed. FED. R. CIV. P. 72(b)(2).

[2] According to Oberloh, the only way in which Magistrate Judge Nuechterlein addressed the demand is by remarking "I have no idea what he's [Oberloh] talking about" and not allowing Oberloh to address the matter during the hearing held on November 26, 2013. (DE # 119 at 6; DE #121 at 13.) The transcript of that hearing reveals that while Magistrate Judge Nuechterlein indeed did say that he had no idea what Oberloh was talking about, that was because he had *conducted his own research and could find nothing to support Oberloh's request*. (DE # 114 at 9-10.)

3

apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Oberloh has not explained how this statute applies, or how there is any other basis for a three-judge panel.

A second example: plaintiff Oberloh states that Magistrate Judge Nuechterlein violated Canon 1 of the Code of Judicial Ethics by failing to conduct himself in a manner upholding the integrity of the judiciary, by holding his head in his hands and shaking it left to right while Oberloh attempted to argue during a hearing on November 26, 2013, that specific Federal Rules of Civil Procedure prohibit the dismissal of this action. (DE # 119 at 6-7.) Plaintiff Oberloh has not identified the specific pages of the transcript where he made that argument, but it appears to the court it happened near the end of a somewhat lengthy and contentious hearing. (DE # 114 at 68-69.) Plaintiff Oberloh stated that he had already made those arguments in an earlier response filed with the court (*Id*. at 68:21-23), and it does not appear that he was prevented from addressing the matter further, even though, as Magistrate Judge Nuechterlein had noted a bit earlier during the hearing, this was an issue on which the "ship has sailed." (*Id*. at 65:24-5.) Thus, it is not surprising that Magistrate Judge Nuechterlein might show some signs of frustration: by taking the bench judges are not "divest[ed] . . . of human reaction." *United States v. Griffin*, 84 F.3d 820, 830-31 (7th Cir. 1996). Having said that, the court believes the transcript shows that Magistrate Judge Nuechterlein handled the matter with admirable patience and restraint, and did not commit any misconduct.

As a third and last example, Oberloh maintains that the "most egregious act of judicial misconduct, the one that lead to the issuance of sanctions" was an incident of *ex parte* communication which occurred when counsel for defendants handed Magistrate Judge Nuechterlein a "stack of documents" because the Magistrate had not brought his own copies with him into the courtroom, did so without providing copies to plaintiff, and those documents were not plaintiff's most current answers to interrogatories but were relied on by Judge Nuechterlein to assess a sanction. (DE # 119 at 10-11.)

Oberloh raised this same issue with Judge Nuechterlein in the hearing on November 26, 2013, and Judge Nuechterlein explained—correctly–why this was not an *ex parte* communication because it occurred at a court session where Oberloh was present. (DE # 114 at 67-68.) More importantly, it appears that Oberloh is confused as to what actually occurred. At the prior hearing where the supposed *ex parte* communication occurred, there is no indication that defense counsel provided Magistrate Judge Nuechterlein with an improper copy of interrogatory answers.[3] Instead, it appears that Oberloh is recalling a part of the prior hearing in which defense counsel approached the bench to show Magistrate Judge Nuechterlein handwritten notes Oberloh had provided in response to a request for production. (DE # 71 at 28:11-

---

[3] To the contrary, it appears that Judge Nuechterlein was reading from a "second generation" copy of interrogatory answers he had brought with him into the courtroom, and defense counsel pointed out that Oberloh had attempted to clarify those answers in a third response. (DE # 71 at 13:6-12.)

5

29:1; 31:6-14.)[4] Thus, Oberloh's argument that Magistrate Judge Neuchterlein relied on wrong interrogatory answers provided by defense in deciding to impose discovery sanctions is without foundation. Even if Oberloh were correct, those discovery sanctions are not the issue: the issue is whether the present suit should be dismissed for a host of reasons in addition to Oberloh's answers (or lack thereof) to interrogatories.

In sum, Magistrate Judge Nuechterlein's proposed findings are detailed, comprehensive, and persuasive, after reviewing the record *de novo* taking into account plaintiff Oberloh's objections, such as they are. Because Oberloh's objections lack specificity and are unsupported, the court does not find it necessary to address them in any further detail. It suffices to say that reviewing the Magistrate Judge Nuechterlein's proposed findings and conclusions in light of the record allows the court to conclude, *de novo*, that those findings and conclusions are appropriate, and the recommendation based thereon is warranted. The court agrees with Judge Nuechterlein that "clear and convincing evidence [shows] that Oberloh has willfully engaged in bad faith, deception and misconduct." (DE # 118 at 16.)

Furthermore, Magistrate Judge Nuechterlein observed that it is particularly frustrating that "Oberloh's misconduct has escalated, not diminished, despite efforts by the undersigned, through multiple written orders and three in-court hearings, to ensure

---

[4]This document was attached as exhibit G (DE # 54-7) to defendants' brief in support of motion to compel discovery (DE # 54), which was served on plaintiff, and defense counsel referenced the exhibit when he showed the document to Judge Nuechterlein. (DE # 71 at 28:25.) Therefore, while plaintiff may not have been shown the document in the courtroom, he had been provided with a copy of it.

that his claims were not prematurely discarded," (*Id*. at 2), and that Oberloh's "misconduct is an abuse of the judicial system itself by requiring the Court to address frivolous issues such as his "vampires and zombies" answer to a legitimate discovery request. His misconduct and the numerous motions that ensued disproportionately and unnecessarily consumed this Court's time and limited resources." (*Id*. at 18.) In this vein the court notes that Oberloh has continued to make a mockery of the proceedings even following Magistrate Judge Nuechterlein's Report and Recommendation. His most recent frivolous salvo, filed February 14, 2014, is a "Motion That The United States District Court . . . Make The Federal Court House Compliant With The Architectural Barriers Act, In As Far As All Accessability Barriers Of An Architectural Nature." (DE # 122.) This is frivolous because it has nothing to do with Oberloh's claim against the defendants, and obviously is not a matter for which Oberloh can obtain relief via motion in the present case. The motion will be struck as impertinent.

**CONCLUSION ADOPTING REPORT AND RECOMMENDATION**

For the foregoing reasons, the court **OVERRULES** plaintiff Oberloh's objection (DE # 119) and adopts Magistrate Judge Nuechterlein's Report and Recommendation (DE # 118), including the proposed findings and recommendation therein, as its own order explaining its disposition of this case. Accordingly, this case is **DISMISSED WITH PREJUDICE** pursuant to FED. R. CIV. P. 37(b)(2)(A)(v). The clerk shall indicate on the docket that defendant's motion to strike (DE # 120) is **DENIED**; that plaintiff's

7

motion concerning architectural barriers (DE # 122) is **STRUCK**; that all other pending motions are **DENIED** as moot; and **ENTER FINAL JUDGMENT** in favor of defendants.

**SO ORDERED.**

Date: February 21, 2014

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT